IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROGER MICHAEL EDWARDS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:09CV622-HEH |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(Granting Defendant Equity One's Motion to Dismiss and Denying Plaintiff's Motion for Leave to File a More Definite Statement)

This is a civil action for damages brought pursuant to the Fair Credit Reporting Act ("FCRA"). It is before the Court on Defendant Equity One's Motion to Dismiss (Dk. No. 34), filed on December 1, 2009, and Plaintiff's Motion for Leave to File a More Definite Statement (Dk. No. 36), filed on December 15, 2009. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process at this stage. For the reasons stated herein, the Court will grant Defendant's motion and deny Plaintiff's Motion.

### I. BACKGROUND

Plaintiff Roger Edwards filed a 25 count Complaint on October 2, 2009, against the three major credit reporting agencies, Experian, Equifax, and TransUnion, as well as

seven "users of information" as defined by the FCRA. Edwards alleges in Count 25 that Equity One is one such "user of information." According to the Complaint, the inadequate data matching and public record gathering procedures of the crediting reporting agencies allowed Equity One to illegally access Edwards credit reports without either his consent or a permissible purpose, as defined by 15 U.S.C. § 1681b(f). Specifically, Edwards claims that Equity One's conduct was willful and caused him to suffer actual and punitive damages.

On December 1, 2009, Equity One filed a Motion to Dismiss Count 25. This motion rests on two grounds. First, Equity One contends that the Plaintiff's Complaint should be dismissed because he does not state any factual basis to support his claims. Second, Equity One claims that the Plaintiff pled no facts to show that they were either willful or negligent in violating the FCRA. On December 15, 2009, Edwards filed a Response to Defendant Equity One's Motion to Dismiss. Within the Response, Edwards also filed a Motion for Leave to File a More Definitive Statement, which contained an "Exhibit A." This exhibit was filed to further supplement the Plaintiff's Complaint.

## II. ANALYSIS

As presented, the Plaintiff's Complaint addressing Equity One fails to satisfy the pleading standards set forth under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In *Twombly*, the Supreme Court held that, to survive a motion to dismiss, a complaint must contain sufficient factual information to

"state a claim to relief that is plausible on its face." 550 U.S. at 570. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff's is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In *Iqbal*, the Supreme Court expanded on *Twombly*'s teachings. The Supreme Court stated that, because the tenet that a reviewing court must accept all of a complaint's allegations as true does not apply to legal conclusions, *Iqbal*, 129 S. Ct. at 1949, the Court may identify which of the complaint's allegations are entitled to the assumption of truth and which allegations can be disregarded as legal conclusions. *Id.* at 1949–50. After distinguishing the well-pleaded facts from legal conclusions, the Court must then determine whether the complaint's factual allegations support a "plausible claim for relief." *Id.* at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "But where the well-pleaded facts do not permit the court to

3

infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Applying the standard set forth above, this Court finds that Count 25 fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff alleges that Equity One violated the FCRA, 15 U.S.C. § 1681b(f), by using or obtaining his consumer report without consent or a permissible purpose. In addition, the Plaintiff claims he suffered actual damages. These allegations are merely legal conclusions and a recitation of the elements under 15 U.S.C. § 1681b(f). Such hollow language fails to offer any factual basis, much less a plausible one, to support liablity on Equity One's part. *Twombly*, 550 U.S. at 556; *see also Iqbal*, 129 S. Ct. at 1949 (2009). Count 25 therefore fails to state an actionable claim. Thus, the Defendant's Motion to Dismiss is granted.

In an attempt to augment the facts supporting his Complaint, the Plaintiff filed a Motion for Leave to File a More Definite Statement. This method of bolstering one's Complaint is inappropriate. *See* Fed. R. Civ. P. 12(e). The proper vehicle to supplement a complaint is to seek leave to file a motion to amend along with an amended version of the complaint. *See* Fed. R. Civ. P. 15(a). Therefore, the Defendant's Motion is denied.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is granted and the Plaintiff's Motion for Leave to File a More Definite Statement is denied.

An appropriate Order will accompany this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　Henry E. Hudson
　　　　　　　　　　　　　　United States District Judge

ENTERED this **23** day of **Dec 2005**.
Richmond, VA