**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| ROGER MICHAEL EDWARDS, JR. | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | CIVIL NO. 3:09cv622 |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| et als. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
MOTION TO AMEND COMPLAINT**

COMES NOW the Plaintiff, by counsel, and respectfully moves the Court, pursuant to Fed. R. Civ. P. 15(a)(2), for leave to file a First Amended Complaint. The Plaintiff's proposed First Amended Complaint is submitted as "Exhibit A" to this Memorandum.

**ARGUMENT**

**I. STANDARD FOR GRANTING LEAVE TO AMEND**

Fed. R. Civ. P. 15(a)(2) states, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court listed factors that the district court should consider in deciding whether to grant leave to amend:

> Rule 15(a) states that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded…. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

The Fourth Circuit has found that "[W]hile Foman's enumeration of facts cannot be thought exclusive, they do embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants. *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir, 1980.

Additionally, this Court has consistently decided similar issues in the spirit of Rule 15(a) and has applied it liberally. For example, this Court has held that, even in the rare circumstance in which the Plaintiff's success on the claim appears unlikely on the face of the allegations (a scenario which the Plaintiff does not concede applies in the instant situation), "the merits of the Plaintiff's claims should not be considered in determining whether to allow amendment unless the proposed amendment may clearly be seen to be futile because of substantive or procedural considerations. *Fletcher v. Tidewater Builder's Ass'n Inc.,* 216 F.R.D. 584, 588 (E.D. Va., 2003).

## II. PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

Based on the factors set forth in *Foman* and *Davis*, and in the interests of justice, Plaintiff should be granted leave to file an Amended Complaint.

**A. The Defendants Would Not Suffer Unfair Prejudice**

The Defendants would not suffer prejudice from the filing of the First Amended Complaint. As one court has explained, "to show prejudice the party opposing the amendment of a complaint' must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'" *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1189 n.22 (3d Cir. 1994). Further, the party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*,

833 F.2d 183, 187 (9th Cir. 1987). This case is still in its infancy, discovery has not opened, and the parties have not yet conducted their Rule 26(f) pre-trial conference. No prejudice could be shown by any Defendant.

**B. The Amended Complaint Is Neither Futile Nor Sought After Undue Delay, And The Plaintiff Has Not Acted in Bad Faith.**

Similarly, the Defendants cannot argue futility in this instance and in this posture. Plaintiff has diligently filed this motion following this Court's ruling on the *Twombley* issues raised by Equity One and has incorporated additional detailed facts into this Complaint that clearly establish his impermissible access claim against this Defendant. For example, given that the statutory language is such that a potential user of a consumer report does not have a permissible purpose, except in certain limited circumstances, Plaintiff has set forth facts sufficient to specifically and clearly establish that none of these exceptions existed with regard to this Defendant at the time that it accessed his Experian consumer report. Further, the First Amended Complaint removes claims against Defendants who were previously dismissed, or who submitted evidence to Plaintiff's counsel demonstrating that they asked the credit reporting agency for Michelle Edwards' credit file, inputted each of her proper identifiers, and the credit reporting agencies nonetheless provided them with Plaintiff's credit file. As such, Plaintiff contends that culpability lies with the credit reporting agencies that made the decision to produce Plaintiff's credit file in response to an inquiry contained a set of personal identifiers that belong to an individual unrelated to the Plaintiff, and who resides in California.

These facts stand in sharp contrast to those which regard Equity One which has conceded through counsel that it intended to access Plaintiff's credit file, and not that of Michelle Edwards.

The interests of justice and the furtherance of judicial economy mandate that these claims should be litigated in a single action. Accordingly, in that the Defendants would suffer no

prejudice, and in that the Plaintiff has not acted in bad faith or for a dilatory motive, Plaintiff respectfully submits that his Motion for Leave to Amend should be granted.

    Respectfully submitted,
**ROGER MICHAEL EDWARDS, JR**.,

/s/
Matthew J. Erausquin, VSB#65434
Counsel for the Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: 703-273-7770
Fax: 888-892-3512
matt@clalegal.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 7th day of January, 2010 I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

David Neal Anthony
Troutman Sanders LLP
PO Box 1122
Richmond, VA 23218-1122
david.anthony@troutmansanders.com

Joseph William Clark
Jones Day (DC)
51 Louisiana Ave NW
Washington, DC 20001
jwclark@jonesday.com

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd., Suite A-1
Richmond, VA 23230
jmontgomery@jwm-law.com

Michael Robert Ward
Morris & Morris
PO Box 30
Richmond, VA 23218-0030
mward@morrismorris.com

             /s/
            Matthew J. Erausquin, VSB#65434
            Counsel for the Plaintiff
            CONSUMER LITIGATION ASSOCIATES, P.C.
            1800 Diagonal Road, Suite 600
            Alexandria, VA 22314
            Tel: 703-273-7770
            Fax: 888-892-3512
            matt@clalegal.com