# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| ROGER MICHAEL EDWARDS, JR. )<br>)<br>Plaintiff )<br>v. )<br>) <br>EQUIFAX INFORMATION SERVICES, LLC, )<br>et als. )<br>)<br>Defendants. ) | CIVIL NO. 3:09cv622 |

# FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Roger Michael Edwards, Jr., (hereafter, "Edwards" or "Plaintiff"), by counsel, and as for his First Amended Complaint against the Defendants, he alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (the Federal Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681(p).

## PARTIES

3. The Plaintiff is a natural person and is a "consumer" as defined by the FCRA.

4. Defendant Equifax Information Services, LLC ("Equifax") is a foreign corporation doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

6. Defendant Trans Union LLC ("Trans Union") is a foreign corporation doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

7. Defendant Equity One, Inc. ("Equity One") is a foreign corporation with its principal place of business located in Marlton, New Jersey and which regularly conducts business in Virginia. At all times relevant hereto, it was a "user of information" as defined by the FCRA.

**STATEMENT OF FACTS**

8. Plaintiff is a victim of Defendants Equifax, Experian, and Trans Union's failure to maintain reasonable procedures that will accurately segregate and ascribe credit data to the proper individual, thereby ensuring the maximum possible accuracy of the information contained within his credit file. He is more commonly known as a "mixed file" victim. He has endured this problem for many years. It has significantly impacted his financial life.

9. Defendants Equifax, Experian, and Trans Union's inadequate data matching and

public record gathering procedures caused a number of defamatory and severely derogatory credit items to appear on Plaintiff's credit report, including allegations that Plaintiff had opened and was obligated to pay on American Express, Fleet; Bank of America, Comcast, Kohls, Macy's, and Peebles Department Store credit card accounts, and further, that Plaintiff was responsible for a myriad of collection accounts placed with American Agencies, Bay Area Credit Service, Calvary Portfolio Service, CBA Collection Bureau, Credit Protection Associates, and Financial Credit Network.

10. In his attempts to remedy the problem, Plaintiff personally corresponded with Defendants Equifax, Experian, and Trans Union on several occasions, including but not limited to June 27, 2008, May 14, 2009 and June 26, 2009. Plaintiff also hired attorneys to write letters to the Defendants on his behalf.

11. In these letters, Plaintiff informed Defendants Equifax, Experian, and Trans Union that their procedures for segregating data were deficient and had resulted in the placement of severely derogatory and inaccurate account tradelines and unauthorized inquiries into his credit file, marring his otherwise excellent credit rating.

12. Plaintiff notified Defendants Equifax, Experian, and Trans Union in great detail that he believed the inaccurate addresses, derogatory tradelines, collection notations, charge-offs and unauthorized inquiries to be attributable to another individual by the name of Michelle Edwards who lived in California.

13. Plaintiff further notified Defendants Equifax, Experian, and Trans Union that their failure to maintain reasonable procedures to ensure the maximum possible accuracy of the information in his credit file was causing a major impact on his financial life, preventing him

from seeking and obtaining credit that he was otherwise entitled to, and causing severe emotional distress to him and to his family.

14. Defendants Equifax, Experian, and Trans Union have been sued in countless cases by mixed file victims who have alleged that the credit reporting agencies violated 15 U.S.C. § 1681e(b) with regard to the way that they match data to the credit files of consumers.

15. In many of these cases, the consumer reporting agencies have either suffered a verdict, or a court has informed them that the procedures employed were not "reasonable" so as to assure "maximum possible accuracy". For example, in this very Court since 2004, each of the consumer reporting agencies has been sued at least 10 times by mixed file victims.

16. Regardless of these cases, to this day, the mixed file problem still exists at Defendants Equifax, Experian, and Trans Union, despite literally years of litigation regarding this issue by both consumers and the Federal Trade Commission.

17. In this case, Defendants Equifax, Experian, and Trans Union mixed the Plaintiff's credit file with that of another individual. They did so because they have each made a conscious decision that it is more profitable to use "loose matching" algorithms which provide more data to their customers, than to use stricter data matching which would provide less data. While this decision likely reduces the credit decisioning risk for the potential creditor that buys the report, and certainly increases the gross revenue of the credit reporting agency that sells the report, this decision inures to the detriment of consumers who have common names and are more likely to have their credit data mixed with that of another individual.

18. While the credit reporting agencies received notice on numerous occasions of the general data matching problems through the prior complaints of consumers in this court and

others, and also forwarded to them through the Federal Trade Commission and the consumer protection agencies and attorneys general of the various states, Defendants Equifax, Experian, and Trans Union also had specific knowledge in this instance that Plaintiff's credit file had been mixed. Plaintiff and his attorneys communicated on several occasions with the consumer reporting agencies within the two year period preceding the filing date of this Complaint, informing Equifax, Experian, and Trans Union of the problem in Plaintiff's specific case. Notwithstanding both the generalized and specific notice, the Defendants continued to sell credit reports that regarded the Plaintiff to potential creditors and did so without modifying their data matching algorithms, or even correcting the specific issues identified by the Plaintiff with his file.

19. For example, in response to Plaintiff's disputes, Defendants Equifax, Experian, and Trans Union returned reinvestigation results addressed to "Michelle Edwards", but at Plaintiff's address in Virginia.

20. Defendants Equifax, Experian, and Trans Union's failure to maintain Plaintiff's credit information segregated from that of "Michelle Edwards", and their provision of Plaintiff's credit information to Michelle Edwards' creditors, (and likely vice versa), caused actual and significant damages to the Plaintiff over a span of many years.

## COUNT ONE
**Violation of 15 U.S.C. § 1681e(b)**
**(Equifax, Experian, and Trans Union only)**

21. Plaintiff realleges and reincorporates paragraphs 1-20 above as if fully set out herein.

22. As alleged in the facts stated above, Defendants Equifax, Experian, and Trans

Union each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports they published regarding the Plaintiff, including by example only and without limitation, the following reports:

EQUIFAX:

| | |
|---|---|
| 06/05/2008 | Equifax consumer report provided to FIA/CSNA |
| 06/30/2008 | Equifax consumer report provided to Kroll Factual Data: Allied Home Mortgage |
| 08/18/2008 | Equifax consumer report provided to Macy's/DSNB |
| 03/13/2009 | Equifax consumer report provided to GEMB/JC Penney |
| 04/02/2009 | Equifax consumer report provided to FIA/CSNA |
| 04/17/2009 | Equifax consumer report provided to GEMB/JC Penney |
| 07/17/2009 | Equifax consumer report provided to GEMB/JC Penney |

EXPERIAN:

| | |
|---|---|
| 10/07/2007 | Experian consumer report provided to Capital One |
| 10/18/2007 | Experian consumer report provided to Capital One |
| 12/09/2007 | Experian consumer report provided to Capital One |
| 12/12/2007 | Experian consumer report provided to HSBC NV |
| 1/06/2008 | Experian consumer report provided to Capital One |
| 1/14/2008 | Experian consumer report provided to HSBC NV |
| 01/19/2008 | Experian consumer report provided to Capital One |
| 01/25/2008 | Experian consumer report provided to Capital One |
| 02/08/2008 | Experian consumer report provided to Capital One |
| 02/18/2008 | Experian consumer report provided to Capital One Auto Finance |
| 02/23/2008 | Experian consumer report provided to American Agencies Inquiry |
| 03/07/2008 | Experian consumer report provided to Capital One |
| 03/14/2008 | Experian consumer report provided to Capital One |
| 03/25/2008 | Experian consumer report provided to Capital One |

| | |
|---|---|
| 06/04/2008 | Experian consumer report provided to Axis Financial Group |
| 06/09/2008 | Experian consumer report provided to Discover Financial Services |
| 06/30/2008 | Experian consumer report provided to Macy's/DSNB |
| 06/30/2008 | Experian consumer report provided to Kroll Factual Data: Allied Home Mortgage |
| 10/23/2008 | Experian consumer report provided to Equity One |
| 11/07/2008 | Experian consumer report provided to Macy's/DSNB |
| 05/22/2009 | Experian consumer report provided to Bank of America |
| 05/25/2009 | Experian consumer report provided to Kohls |
| 05/29/2009 | Experian consumer report provided to Kohls |

TRANS UNION:

| | |
|---|---|
| 06/30/2008 | Trans Union consumer report provided to Kroll Factual Data: Allied Home Mortgage |

23. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages. These damages included, by example only, without limitation: denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

24. Defendants' conduct, actions, and inaction were willful, rendering each Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. All three agencies have been sued substantially more than a hundred times across the country for their inaccurate merger of account and identifying data related to one person into the credit file of an unrelated consumer. This has also been subject of Federal Trade Commission prosecution and consent decrees for such misconduct, and multiple courts have published decisions harshly critical of the same procedures and process used by each agency for

matching data contained in Plaintiff's file.

25. In the alternative, each Defendant was negligent, entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

26. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

**COUNT TWO**
**Violation of 15 U.S.C § 1681i(a)(1)**
**(Equifax, Experian, and Trans Union only)**

27. Plaintiff realleges and reincorporates paragraphs 1-26 above as if fully set out herein.

28. Defendants Equifax, Experian and Trans Union each independently violated 15 U.S.C § 1681i(a)(1) by conduct which includes, but is not limited to: failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file. Each of the credit reporting agencies use an automated process to receive and handle a consumer's FCRA disputes. When a consumer writes to make a dispute, the dispute is quickly processed by a third party vendor in India or the Philippines or a "boiler room" employee whose sole job is to reduce the narrative dispute to a two digit multiple choice code that most closely applies to the substance of the consumer's dispute. This two-digit code is then inputted, and an electronic form is sent to the creditor who provided the disputed information. The creditor's response almost entirely dictates whether the agency will change or remove the disputed item. The agencies exercise nearly no independent discretion and do not conduct a substantive searching and detailed investigation in any regard.

29. As a result of the Defendants' conduct, actions, and inaction, the Plaintiff suffered actual damages. These damages included, by example only, without limitation: denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

30. Defendants' conduct, actions, and inaction were willful, rendering each Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Prior to the receipt of Plaintiff's disputes, each Defendant had actual knowledge that it was unreasonably and violative of the FCRA for a consumer reporting agency to entirely rely on or to simply 'parrot' its furnisher instead of conducting its own independent, discretionary investigation. The problem with the reliance on these 'parroting' procedures becomes particularly clear in a mixed file context such as this, where the issue is not the substance of the data reported by the furnisher, but rather the internal matching algorithms used to decide which file to place the data into, or which file to produce in response to a credit inquiry. Multiple courts have sharply criticized the Defendants' current procedures. The agencies were also aware of congressional and administrative inquiry into these procedures, and each credit reporting agency misrepresented the nature of same in response to these inquiries in order to avoid further scrutiny. The Defendants were absolutely aware of the illegality of their reinvestigation procedures, and their continued use of same in the face of substantive consumer disputes was not only willful, but likely intentional.

31. In the alternative, Defendants were negligent, entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

32. The Plaintiff is entitled to recover actual damages, statutory damages, punitive

damages, costs, and his attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT THREE
## Violation of 15 U.S.C §1681i(a)(2)
### (Equifax, Experian, and Trans Union only)

33. Plaintiff realleges and reincorporates paragraphs 1 through 32 above as if fully set out herein.

34. Defendants Equifax, Experian and Trans Union each independently violated 15 U.S.C §1681i(a)(2) by conduct that included, but is not limited to: failing to send all relevant information that they received in Plaintiff's communications to the furnishers. The credit reporting agencies never transmit the consumer's dispute letter(s), related or attached documents, or even any content beyond the two-digit code and occasionally a short one-line sentence to the furnishers.

35. As a result of Defendants' conduct, actions, and inaction, the Plaintiff suffered actual damages. These damages included, by example only, without limitation: denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

36. Defendants' conduct, actions, and inaction were willful, rendering them liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

37. In the alternative, the Defendants were negligent, entitling the Plaintiff to recover pursuant to 15 U.S.C. §1681o.

38. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## COUNT FOUR
### Violation of 15 U.S.C §1681i(a)(4)
### (Equifax, Experian, and Trans Union only)

39. Plaintiff realleges and reincorporates paragraphs 1 through 38 above as if fully set out herein.

40. Defendants Equifax, Experian and Trans Union each independently violated 15 U.S.C § 1681i(a)(4) by their conduct that included, but is not limited to: failing to review and consider all relevant information that they received in Plaintiff's communications. Defendants Equifax, Experian, and Trans Union do not exercise any discretion of the substance of the consumer's disputes and instead merely reduce it into a two-digit code that is then forwarded to the subscriber furnisher. There is never a "review" or "consideration" of the content of the consumer's dispute, or of the furnisher's response. In fact, after the furnisher responds, no human being at the credit reporting agencies makes any further decision. Rather, the file is updated as per the furnisher's instructions via an automated process (no matter how unreasonable the response may be), and another automated process causes a letter to be generated to the consumer informing him of the results.

41. As a result of the Defendants' conduct, actions, and inaction, the Plaintiff suffered actual damages. These damages included, by example only, without limitation: denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

42. Defendants' conduct, actions, and inaction were willful, rendering each liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

43. In the alternative, the Defendants were negligent, entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

44. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## COUNT FIVE
### Violation of 15 U.S.C § 1681i(a)(5)
### (Equifax, Experian, and Trans Union only)

45. Plaintiff realleges and reincorporates paragraphs 1 through 44 above as if fully set out herein.

46. Defendants Equifax, Experian and Trans Union each independently violated 15 U.S.C § 1681i(a)(5) by their conduct which includes, but is not limited to: failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

47. As a result of the Defendants' conduct, actions, and inaction, the Plaintiff suffered actual damages. These damages included, by example only, without limitation: denial and inability to obtain credit; damage to reputation; violation of Plaintiff's statutory right to privacy; embarrassment and humiliation; and other emotional and mental distress related to these alleged events.

48. Defendants' conduct, actions, and inaction were willful, rendering each liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15

U.S.C. § 1681n.

49. In the alternative, the Defendants were negligent, entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

50. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT SIX
### Violation of 15 U.S.C. § 1681b(f)
### (Equity One only)

51. Plaintiff realleges and reincorporates paragraphs 1 through 50 above as if fully set out herein.

52. Defendant Equity One violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) by using or obtaining Plaintiff's Experian consumer report on or about October 23, 2008 without Plaintiff's consent and without one of the permissible purposes listed at 15 U.S.C. §1681b. Specifically, Plaintiff never authorized Defendant Equity One to access his Experian consumer report. Plaintiff never applied for employment with Defendant Equity One. Plaintiff never entered into a credit transaction with Defendant Equity One. Plaintiff never asked Defendant Equity One to establish an insurance policy for him. Plaintiff never initiated a business transaction with Defendant Equity One. Thus, the Defendant had no permissible purpose that authorized it to access Plaintiff's Experian consumer report.

53. As a result of Defendant Equity One's conduct, the Plaintiff suffered actual damages. These damages include the unauthorized intrusion into his financial privacy, the increased exposure to identity theft by the revelation of his social security number, date of birth,

and other personal identifiers to complete strangers, and a decrease in his Fair Isaac credit score resulting from the inquiry.

54. Defendant Equity One's conduct was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In fact, subsequent to the filing of this action in multiple discussions of the allegations in this case, Defendant Equity One, through its counsel, has represented that it was not a mistake or accident that it obtained Plaintiff's credit report. Defendant's access of Plaintiff's Experian report was intentional, and the procedures that it employed in doing so were intentionally and deliberately adopted.

55. In the alternative, Defendant Equity One was negligent, entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

56. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees from Defendant Equity One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

WHEREFORE, Your Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendants; for injunctive and declaratory relief, specifically including, but not limited to, ordering that the Defendants cease the reporting of any derogatory information and cease any future unauthorized inquiries into his credit file or allowing the same; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**ROGER MICHAEL EDWARDS, JR**.,


_____/s/_____
Matthew J. Erausquin, VSB#65434
Counsel for the Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: 703-273-7770
Fax: 888-892-3512
matt@clalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2010 I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

Joseph William Clark
Jones Day (DC)
51 Louisiana Ave NW
Washington, DC 20001
jwclark@jonesday.com

Keasha Ann Broussard
King & Spalding
1180 Peachtree St. NE
Atlanta, GA 30309-3521
abroussard@kslaw.com

Michael Robert Ward
Morris & Morris
P.O. Box 30
Richmond, VA 23218-0030
mward@morrismorris.com

And I hereby certify that I will serve the document by special process server upon the following non-filing user:

Equity One, Inc.
c/o Registered Agent The Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628

                                                  /s/
                                  Matthew J. Erausquin, VSB#65434
                                  Counsel for the Plaintiff
                                  CONSUMER LITIGATION ASSOCIATES, P.C.
                                  1800 Diagonal Road, Suite 600
                                  Alexandria, VA 22314
                                  Tel:    703-273-7770
                                  Fax:   888-892-3512
                                  matt@clalegal.com