UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROGER MICHAEL EDWARDS, JR.,

    **Plaintiff,**

v.                                                   Civil Action No.: 3:09-cv-622

EQUIFAX INFORMATION SERVICES,
LLC, et al.,

    **Defendants.**

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to Plaintiff's First Amended Complaint ("Complaint"), states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to other defendants and therefore denies the same. In response to the numbered paragraphs in the Complaint, Experian states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff purports to bring claims against Defendants pursuant to the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Experian states that these are legal conclusions, which are not subject to denial or admission. Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

## JURISDICTION

2. In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 28 U.S.C. §§ 1331 and 15 U.S.C. § 1681(p). Experian states that these are legal conclusions, which are not subject to denial or admission.

## PARTIES

3. In response to paragraph 3 of the Complaint, Experian admits that Plaintiff is a natural person. Whether Plaintiff is a "consumer" as defined by the FCRA is a legal conclusion, which is not subject to denial or admission.

4. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 4 of the Complaint and therefore denies the same.

5. In response to paragraph 5 of the Complaint, Experian admits that it is a foreign corporation. Experian further admits that it is authorized to do business, and that it does business, in the Commonwealth of Virginia. Experian further admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in paragraph 5 of the Complaint.

6-7. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 6 – 7 of the Complaint and therefore denies the same.

## FACTUAL ALLEGATIONS

8. Experian denies the allegations contained in paragraph 8 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the

truth or falsity of the allegations in paragraph 8 of the Complaint as they relate to other defendants and therefore denies the same.

9. Experian denies the allegations contained in paragraph 9 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 9 of the Complaint as they relate to other defendants and therefore denies the same.

10. In response to paragraph 10 of the Complaint, Experian admits that it received two letters from Plaintiff dated May 14, 2009 and June 26, 2009 respectively. Experian denies that it received any letter from Plaintiff's attorney written on Plaintiff's behalf. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 10 of the Complaint as they relate to other defendants and therefore denies the same.

11. In response to paragraph 11 of the Complaint, Experian admits that Plaintiff's May 14, 2009 and June 26, 2009 letters disputed Experian's reporting of several tradelines and one credit inquiry in Plaintiff's consumer disclosures. Experian denies that Plaintiff's May 14, 2009 and June 26, 2009 letters disputed that Experian's procedures for segregating data were deficient. Except as specifically admitted, Experian denies the remaining allegations in paragraph 11 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 11 of the Complaint as they relate to other defendants and therefore denies the same.

12. In response to paragraph 12 of the Complaint, Experian admits that in Plaintiff's May 14, 2009 letter, Plaintiff alleged that his "credit files have been mixed with the credit files of another individual having the name 'Michelle Edwards' and who may live in California." Except as specifically admitted, Experian denies the remaining allegations in paragraph 12 of the

Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 12 of the Complaint as they relate to other defendants and therefore denies the same.

13. Experian denies the allegations contained in paragraph 13 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 13 of the Complaint as they relate to other defendants and therefore denies the same.

14. In response to paragraph 14 of the Complaint, Experian admits that consumers have filed lawsuits against Experian alleging violations of 15 U.S.C. § 1681e(b). Experian denies the remaining allegations contained in paragraph 14 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 14 of the Complaint as they relate to other defendants and therefore denies the same.

15. In response to paragraph 15 of the Complaint, Experian admits that there is case law relating to the reasonableness of procedures credit reporting agencies employ so as to assure maximum possible accuracy. Experian further admits that consumers have filed lawsuits against Experian in the Eastern District of Virginia, Richmond Division since 2004. Except as specifically admitted, Experian denies the remaining allegations contained in paragraph 15 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 15 of the Complaint as they relate to other defendants and therefore denies the same.

16. Experian denies the allegations contained in paragraph 16 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief

about the truth or falsity of the allegations in paragraph 16 of the Complaint as they relate to other defendants and therefore denies the same.

17. Experian denies the allegations contained in paragraph 17 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 17 of the Complaint as they relate to other defendants and therefore denies the same.

18. Experian denies the allegations contained in paragraph 18 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 18 of the Complaint as they relate to other defendants and therefore denies the same.

19. Experian denies the allegations contained in paragraph 19 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 19 of the Complaint as they relate to other defendants and therefore denies the same.

20. Experian denies the allegations contained in paragraph 20 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 20 of the Complaint as they relate to other defendants and therefore denies the same.

### COUNT ONE
### Violation of 15 U.S.C. § 1681e(b)
### (Equifax, Experian, and Trans Union only)

21. Experian incorporates its responses to the allegations contained in paragraphs 1 – 20 as if fully set forth herein.

22. In response to paragraph 22 of the Complaint, Experian admits that the companies listed in the Complaint reviewed Plaintiff's consumer report at the dates specified in the Complaint. Experian denies that it "violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports" it published. Except as specifically admitted, Experian denies the remaining allegations in paragraph 22 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 22 of the Complaint as they relate to other defendants and therefore denies the same.

23. Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph 23 of the Complaint. Experian further denies the remaining allegations in paragraph 23 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 23 of the Complaint as they relate to other defendants and therefore denies the same.

24. In response to paragraph 24 of the Complaint, Experian admits that there is case law relating to the reasonableness of data matching procedures used by credit reporting agencies. Experian denies that it has harmed the Plaintiff willfully as alleged in paragraph 24 of the Complaint. Experian denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 24 of the Complaint. Except as specifically admitted, Experian denies the remaining allegations in paragraph 24 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 24 of the Complaint as they relate to other defendants and therefore denies the same.

25. Experian denies that it has harmed the Plaintiff negligently as alleged in paragraph 25 of the Complaint. Experian denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 25 of the Complaint. Experian denies the remaining allegations in paragraph 25 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 25 of the Complaint as they relate to other defendants and therefore denies the same.

26. Experian denies that Plaintiff is entitled to recover from Experian any damages, costs or fees, as alleged in paragraph 26 of the Complaint. Experian denies that Plaintiff is entitled to recover any relief whatsoever from Experian. Experian further denies the remaining allegations in paragraph 26 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 26 of the Complaint as they relate to other defendants and therefore denies the same.

## COUNT TWO
**Violation of 15 U.S.C. § 1681i(a)(1)**
**(Equifax, Experian, and Trans Union only)**

27. Experian incorporates its responses to the allegations contained in paragraphs 1 – 26 as if fully set forth herein.

28. In response to paragraph 28 of the Complaint, Experian admits that it employs the Consumer Dispute Verification ("CDV") and the Automated Consumer Dispute Verification ("ACDV") processes as part of Experian's reasonable reinvestigation of a consumer's FCRA disputes. Experian denies that the "creditor's response almost entirely dictates whether [Experian] will change or remove the disputed item." Experian further denies that Experian "exercise[s] nearly no independent discretion and do[es] not conduct a substantive searching and

detailed investigation in any regard." Except as specifically admitted, Experian denies the remaining allegations contained in paragraph 28 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 28 of the Complaint as they relate to other defendants and therefore denies the same.

29. Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph 29 of the Complaint. Experian further denies the remaining allegations in paragraph 29 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 29 of the Complaint as they relate to other defendants and therefore denies the same.

30. Experian denies that it has harmed the Plaintiff willfully as alleged in paragraph 30 of the Complaint. Experian denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 30 of the Complaint. Experian denies the remaining allegations in paragraph 30 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 30 of the Complaint as they relate to other defendants and therefore denies the same.

31. Experian denies that it has harmed the Plaintiff negligently as alleged in paragraph 31 of the Complaint. Experian denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 31 of the Complaint. Experian denies the remaining allegations in paragraph 31 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the

allegations in paragraph 31 of the Complaint as they relate to other defendants and therefore denies the same.

32. Experian denies that Plaintiff is entitled to recover from Experian any damages, costs or fees, as alleged in paragraph 32 of the Complaint. Experian denies that Plaintiff is entitled to recover any relief whatsoever from Experian. Experian further denies the remaining allegations in paragraph 32 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 32 of the Complaint as they relate to other defendants and therefore denies the same.

**COUNT THREE**
**Violation of 15 U.S.C. § 1681i(a)(2)**
**(Equifax, Experian, and Trans Union only)**

33. Experian incorporates its responses to the allegations contained in paragraphs 1 – 32 as if fully set forth herein.

34. Experian denies the allegations contained in paragraph 34 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 34 of the Complaint as they relate to other defendants and therefore denies the same.

35. Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph 35 of the Complaint. Experian further denies the remaining allegations in paragraph 35 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 35 of the Complaint as they relate to other defendants and therefore denies the same.

36. Experian denies that it has harmed the Plaintiff willfully as alleged in paragraph 36 of the Complaint. Experian denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 36 of the Complaint. Experian denies the remaining allegations in paragraph 36 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 36 of the Complaint as they relate to other defendants and therefore denies the same.

37. Experian denies that it has harmed the Plaintiff negligently as alleged in paragraph 37 of the Complaint. Experian denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 37 of the Complaint. Experian denies the remaining allegations in paragraph 37 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 37 of the Complaint as they relate to other defendants and therefore denies the same.

38. Experian denies that Plaintiff is entitled to recover from Experian any damages, costs or fees, as alleged in paragraph 38 of the Complaint. Experian denies that Plaintiff is entitled to recover any relief whatsoever from Experian. Experian further denies the remaining allegations in paragraph 38 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 38 of the Complaint as they relate to other defendants and therefore denies the same.

## COUNT FOUR
### Violation of 15 U.S.C. § 1681i(a)(4)
### (Equifax, Experian, and Trans Union only)

39. Experian incorporates its responses to the allegations contained in paragraphs 1 – 38 as if fully set forth herein.

40. Experian denies the allegations contained in paragraph 40 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 40 of the Complaint as they relate to other defendants and therefore denies the same.

41. Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph 41 of the Complaint. Experian further denies the remaining allegations in paragraph 41 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 41 of the Complaint as they relate to other defendants and therefore denies the same.

42. Experian denies that it has harmed the Plaintiff willfully as alleged in paragraph 42 of the Complaint. Experian denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 42 of the Complaint. Experian denies the remaining allegations in paragraph 42 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 42 of the Complaint as they relate to other defendants and therefore denies the same.

43. Experian denies that it has harmed the Plaintiff negligently as alleged in paragraph 43 of the Complaint. Experian denies that it is liable to the Plaintiff for the requested

relief or for any relief whatsoever, as alleged in paragraph 43 of the Complaint. Experian denies the remaining allegations in paragraph 43 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 43 of the Complaint as they relate to other defendants and therefore denies the same.

44. Experian denies that Plaintiff is entitled to recover from Experian any damages, costs or fees, as alleged in paragraph 44 of the Complaint. Experian denies that Plaintiff is entitled to recover any relief whatsoever from Experian. Experian further denies the remaining allegations in paragraph 44 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 44 of the Complaint as they relate to other defendants and therefore denies the same.

## COUNT FIVE
### Violation of 15 U.S.C. § 1681i(a)(5)
### (Equifax, Experian, and Trans Union only)

45. Experian incorporates its responses to the allegations contained in paragraphs 1 – 44 as if fully set forth herein.

46. Experian denies the allegations contained in paragraph 46 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 46 of the Complaint as they relate to other defendants and therefore denies the same.

47. Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph 47 of the Complaint. Experian further denies the remaining allegations in paragraph 47 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the

allegations in paragraph 47 of the Complaint as they relate to other defendants and therefore denies the same.

48. Experian denies that it has harmed the Plaintiff willfully as alleged in paragraph 48 of the Complaint. Experian denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 48 of the Complaint. Experian denies the remaining allegations in paragraph 48 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 48 of the Complaint as they relate to other defendants and therefore denies the same.

49. Experian denies that it has harmed the Plaintiff negligently as alleged in paragraph 49 of the Complaint. Experian denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 49 of the Complaint. Experian denies the remaining allegations in paragraph 49 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 49 of the Complaint as they relate to other defendants and therefore denies the same.

50. Experian denies that Plaintiff is entitled to recover from Experian any damages, costs or fees, as alleged in paragraph 50 of the Complaint. Experian denies that Plaintiff is entitled to recover any relief whatsoever from Experian. Experian further denies the remaining allegations in paragraph 50 of the Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 50 of the Complaint as they relate to other defendants and therefore denies the same.

## COUNT SIX
### Violation of 15 U.S.C. § 1681b(f)
### (Equity One only)

51. Experian incorporates its responses to the allegations contained in paragraphs 1 – 50 as if fully set forth herein.

52-56. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 52 – 56 of the Complaint and therefore denies the same.

57. In response to Plaintiff's "WHEREFORE" clause, Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

58. Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy Of Information)

Plaintiff's claims fail to the extent that they are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

### FOURTH AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

### SIXTH AFFIRMATIVE DEFENSE
### (Set-Off/Recoupment)

Plaintiff's claims fail to the extent that they are barred or limited, in whole or in part, under the principle of set-off and recoupment for damages or settlement amount from others.

### SEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

## EIGHTH AFFIRMATIVE DEFENSE
### (Venue)

Experian objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Rules of the United States District Court for the Eastern District of Virginia.

## NINTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

By: /s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

Joseph W. Clark
Virginia State Bar No. 42664
*Attorney for Experian Information Solutions, Inc.*
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: jwclark@jonesday.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2010, I electronically filed the foregoing ***Defendant Experian Information Solutions, Inc.'s Answer And Affirmative Defenses To Plaintiff's First Amended Complaint*** with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

>Matthew James Erausquin
>Consumer Litigation Associates PC
>1800 Diagonal Road, Suite 600
>Alexandria, VA 22314
>Tel: (703) 273-6080
>Fax: (888) 892-3512
>Email: matt@clalegal.com
>*Counsel for Plaintiff, Roger Michael Edwards, Jr.*
>
>John Willard Montgomery , Jr.
>Montgomery & Simpson, LLLP
>2116 Dabney Road, Suite A-1
>Richmond, VA 23230
>Tel: (804) 355-8744
>Email: jmontgomery@jwm-law.com
>
>John A. Love
>King & Spalding (GA-NA)
>1180 Peachtree Street, N.E.
>Atlanta, GA  30309-3521
>Tel: (404) 215-5913
>Fax: (404) 572-5100
>Email:  tlove@kslaw.com
>
>Keasha A. Broussard
>King & Spalding (GA-NA)
>1180 Peachtree Street, N.E.
>Atlanta, GA  30309-3521
>Tel: (404) 215-5725
>Fax: (404) 572-5100
>Email:  abroussard@kslaw.com
>*Counsel for Defendant, Equifax Information Services, LLC*

Michael Robert Ward
Morris & Morris
700 East Main Street, Suite 1100
PO Box 30
Richmond, VA 23218-0030
Tel: (804) 344-8300
Email: mward@morrismorris.com

Matthew K. Ratliff
Strasburger & Price LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Tel: (214) 651-4708
Fax: (214) 659-4007
Email: kasey.ratliff@strasburger.com
*Counsel for Defendant, TransUnion, LLC*

James Douglas Cuthbertson
Miles & Stockbridge
1751 Pinnacle Drive, Suite 500
McLean, VA 22102-3833
Tel: (703) 610-8664
Email: jcuthbertson@milesstockbridge.com
*Counsel for Defendant, Chase Bank, U.S.A., N.A.*

Megan Starace Ben'Ary
LeClair Ryan PC (Alexandria)
2318 Mill Road, Suite 1100
Alexandria, VA 22314
Tel: (703) 647-5933
Fax: (703) 647-5983
Email: megan.benary@leclairryan.com
*Counsel for Defendant, Discovery Financial Services*

Jenelle Marie Dennis
Ballard Spahr Andrews & Ingersol LLP (MD)
4800 Montogomery Lane, 7th Floor
Bethesda, MD 20814-3401
Tel: (301) 664-6200
Fax: (301) 664-6299
Email: dennisj@ballardspahr.com
*Counsel for Defendant, Equity One, Inc.*

/s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone No.: (804) 697-5410
Facsimile No.: (804) 698-5118
Email: david.anthony@troutmansanders.com

1924512v1