IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ROGER MICHAEL EDWARDS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUIFAX INFORMATION )<br>SERVICES LLC, EXPERIAN )<br>INFORMATION SOLUTIONS, INC., )<br>TRANS UNION LLC, AMERICAN )<br>CREDIT AGENCIES, RECEIVABLES )<br>LLC, dba AMERICAN AGENCIES, )<br>CHASE BANK USA, NA, DISCOVER )<br>FINANCIAL SERVICES, CAPITAL ONE )<br>AUTO FINANCE, INC., BANK OF )<br>AMERICA, NA., AXIS FINANCIAL )<br>GROUP, INC., EQUITY ONE, INC., )<br>)<br>Defendants. ) | Civil Action No. 3:09cv622 |

## ANSWER TO FIRST AMENDED COMPLAINT OF
## DEFENDANT EQUIFAX INFORMATION SERVICES LLC

COMES NOW, Equifax Information Services LLC ("Equifax"), by and through its counsel, and pursuant to Fed. R. Civ. P. 8 and 12, hereby files its answer and defenses to Plaintiff's First Amended Complaint as follows:

## PRELIMINARY STATEMENT

1. To the extent Paragraph 1 of Plaintiff's Amended Complaint calls for a response from Equifax, Equifax denies that Plaintiff can state a claim under the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., and denies that Plaintiff is entitled to the damages he seeks in this action.

2. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

3. Upon information and belief, Equifax admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Responding to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Equifax states that it is a Georgia limited liability company registered to do business in Georgia with its principal place of business located in Atlanta, Georgia and it is authorized to do business in the Commonwealth of Virginia. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Equifax denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Upon information and belief, Equifax admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Upon information and belief, Equifax admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Equifax denies the allegations contained in Paragraph 8 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Equifax denies the allegations contained in Paragraph 9 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Responding to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Equifax states that it received written communications from Plaintiff on or around May 21, 2009 and July 24, 2009 and that the letters speak for themselves. Equifax is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Equifax denies the allegations contained in Paragraph 11 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Responding to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Equifax states that it received written communications from Plaintiff on or around May 21, 2009 and July 24, 2009 and that the letters speak for themselves. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Responding to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Equifax states that it received written communications from Plaintiff on or around May 21, 2009 and July 24, 2009 and that the letters speak for themselves. Equifax denies the remaining allegations contained in Paragraph 13 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Equifax denies the allegations contained in Paragraph 14 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Equifax denies the allegations contained in Paragraph 15 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Equifax denies the allegations contained in Paragraph 16 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Equifax denies the allegations contained in Paragraph 18 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Responding to the allegations contained in Paragraph 19 of Plaintiff's Complaint, Equifax states that it sent Plaintiff a letter advising that it placed a fraud alert on a file under the name Michelle Edwards. Equifax denies the remaining allegations contained in Paragraph 19 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Equifax denies the allegations contained in Paragraph 20 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Responding to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Equifax incorporates its answers and responses to Paragraphs 1-20 above as if fully restated and set forth herein.

22. Equifax states that it published Plaintiff's consumer report pertaining to Plaintiff to FIA/CSNA, CreditExpe, GEMB/JCPenney, and Target, but denies that it failed to establish or to follow reasonable procedures to assure maximum possible accuracy. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Equifax denies the allegations contained in Paragraph 23 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Equifax denies the allegations contained in Paragraph 24 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Equifax denies the allegations contained in Paragraph 25 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Equifax denies the allegations contained in Paragraph 26 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Responding to the allegations contained in Paragraph 27 of Plaintiff's Complaint, Equifax incorporates its answers and responses to Paragraphs 1-26 above as if fully restated and set forth herein.

28. Equifax denies the allegations contained in Paragraph 28 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Equifax denies the allegations contained in Paragraph 29 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Equifax denies the allegations contained in Paragraph 30 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Equifax denies the allegations contained in Paragraph 31 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Equifax denies the allegations contained in Paragraph 32 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Responding to the allegations contained in Paragraph 33 of Plaintiff's Complaint, Equifax incorporates its answers and responses to Paragraphs 1-32 above as if fully restated and set forth herein.

34. Equifax denies the allegations contained in Paragraph 34 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Equifax denies the allegations contained in Paragraph 35 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Equifax denies the allegations contained in Paragraph 36 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Equifax denies the allegations contained in Paragraph 37 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Equifax denies the allegations contained in Paragraph 38 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Responding to the allegations contained in Paragraph 39 of Plaintiff's Complaint, Equifax incorporates its answers and responses to Paragraphs 1-28 above as if fully restated and set forth herein.

40. Equifax denies the allegations contained in Paragraph 40 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Equifax denies the allegations contained in Paragraph 41 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Equifax denies the allegations contained in Paragraph 42 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Equifax denies the allegations contained in Paragraph 43 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Equifax denies the allegations contained in Paragraph 44 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Responding to the allegations contained in Paragraph 45 of Plaintiff's Complaint, Equifax incorporates its answers and responses to Paragraphs 1-44 above as if fully restated and set forth herein.

46. Equifax denies the allegations contained in Paragraph 46 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Equifax denies the allegations contained in Paragraph 47 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Equifax denies the allegations contained in Paragraph 48 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Equifax denies the allegations contained in Paragraph 49 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Equifax denies the allegations contained in Paragraph 50 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Responding to the allegations contained in Paragraph 50 of Plaintiff's Complaint, Equifax incorporates its answers and responses to Paragraphs 1-50 above as if fully restated and set forth herein.

52. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Equifax denies the allegations contained in Paragraph 56 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Any allegations contained in Plaintiff's Amended Complaint not specifically responded to above are hereby expressly denied.

58. Equifax admits that Plaintiff demands a trial by jury.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the complaint:

### FIRST DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by other persons or entities for whom or for which Equifax is not responsible.

### SECOND DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures in its handling of Plaintiff's consumer credit file.

### THIRD DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file, and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**FOURTH DEFENSE**

Plaintiff has not sustained any damages.

**FIFTH DEFENSE**

Plaintiff's damages, if any, are caused by his own acts or omissions, or the acts or omissions of third parties other than Equifax.

**SIXTH DEFENSE**

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. §1681n.

**SEVENTH DEFENSE**

Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

**EIGHTH DEFENSE**

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in Safeco Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007).

**NINTH DEFENSE**

Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That Equifax be dismissed as a party to this action;

(3) That Equifax recover from Plaintiff its expenses of litigation, including attorneys' fees; and

(4) That Equifax recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 18th day of February, 2010.

EQUIFAX INFORMATION SERVICES LLC

/s/
John W. Montgomery, Jr.
Virginia State Bar 37149
Counsel for Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
Email: jmontgomery@jwm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Matthew James Erausquin
Consumer Litigation Associates PC
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
matt@clalegal.com

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
david.anthony@troutmansanders.com

Megan Starace Ben'Ary
LeClair Ryan PC (Alexandria)
2318 Mill Road
Suite 1100
Alexandria, VA 22314
megan.benary@leclairryan.com

Jenelle Marie Dennis
Ballard Spahr Andrews & Ingersol LLP (MD)
4800 Montogomery Lane
7th Floor
Bethesda, MD 20814-3401
dennisj@ballardspahr.com

Michael Robert Ward
Morris & Morris
700 East Main St Suite 1100
PO Box 30
Richmond, VA 23218-0030
mward@morrismorris.com

Dated: February 18, 2010

/s/
John W. Montgomery, Jr.
Virginia State Bar 37149
Counsel for Equifax Information Services, LLC
MONTGOMERY & SIMPSON, LLP
2116 Dabney Road, Suite A-1
Richmond, Virginia 23230
Telephone: (804) 355-8744
Facsimile: (804) 355-8748
Email: jmontgomery@jwm-law.com